**UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND**

IN RE:  JUAN R. MARTINEZ and         CASE NO. 08-12139
          MARIA M. MARTINEZ             CHAPTER 13
                DEBTORS

JUAN R. MARTINEZ and
MARIA M. MARTINEZ
          DEBTORS/MOVANTS

V.

**INDYMAC FEDERAL BANK, F.S.B.**
          **CREDITOR**

**JOINT PRETRIAL STATEMENT**

      The Debtors have filed a Motion to Modify the secured claim of IndyMac Bank.  The Creditor/Mortgagee, IndyMac Federal Bank, F.S.B., has filed an Objection to that Motion.  The Mortgagee has also filed an Objection to the Confirmation of the Debtors' Proposed Confirmation of a Chapter 13 Plan.  The parties present this document as a Joint Pretrial Order.

AGREED STATEMENT OF FACTS

1. The Mortgagee, IndyMac Federal Bank, F.S.B. has a business address of 460 Sierra Madre Villa, Pasadena, CA  91107.

2. The Debtors, Juan R. Martinez and Maria M. Martinez, have a mailing address of 162 Woodbine Street, Pawtucket, RI 02860.  That address is also the Debtors' principal residence.

3. The aforesaid real estate, 162 Woodbine Street, Pawtucket, RI 02860 is a two-family residence.

4. The Mortgagee, IndyMac Federal Bank, F.S.B., is the holder of the first mortgage on the real estate located at 162 Woodbine Street, Pawtucket, RI 02860.  The Mortgage is in the original amount of $272,000.00.  It was given by the Debtors, Juan R. Martinez and Maria Martinez to IndyMac Bank, F.S.B., on May 3, 2007.

5. Said mortgage secures a Note given to IndyMac Bank, F.S.B. from Juan R. Martinez on May 3, 2007 in the original amount of $272,000.00. That Note is an Interest Only Fixed Rate Note.

6. There is no other collateral securing the Debtors' obligations to the Movant.

7. On July 11, 2008 the Debtors filed a Voluntary Chapter 3 Petition in the United States Bankruptcy Court for the District of Rhode Island.

8. On July 24, 2008, the Debtors, through their attorney, Debtors' counsel, filed a Chapter 13 Plan. In that Plan the Debtors proposed that they were filing a Motion to Modify the second mortgage on the said real estate. That mortgage was held by CitiMortgage Inc. They assert that the Mortgage is completely unsecured based on the value of the property. The Debtors were also filing a Motion to Modify the first mortgage and to bifurcate the first mortgage into two (2) claims, one secured for the value of the collateral less outstanding taxes, water and sewer liens and the other unsecured for the amount of the arrearage of the first mortgage and any amount above the secured claim.

9. The Debtors assert that the real estate has a present fair market value in the amount of $213,000.00.

10. On September 10, 2008, the Debtors filed the Motion to Modify the secured claim of IndyMac Bank. The Debtors asserted that the approximately amount of the claim for the first mortgage is approximately $280,000.00.

11. On September 25, 2008, the Mortgagee filed its Proof of Claim. It stated that the total amount owed on the said mortgage is $278,713.10. The itemized statement of the pre-petition arrearage is stated at $6,601.50.

12. The Debtors' counsel had an appraisal done on the property. The appraisal was done by Stephan Bourque, AppraisalOne, 31 Maple Street, Hope Valley, RI 02832. The appraisal is dated July 21, 2008. The appraisal states a fair market value of the property in the amount of $213,000.00.

13. The Mortgagee also had an appraisal of the property done. That appraisal is set forth in a Broker Price Opinion which is dated October 31, 2008. It was done by Ronald Lebasseur, C.R.A. In Mr. Lebasseur's opinion the market value of the property as of October 30, 2008, is $186,000.00.

## **CONTESTED FACTS**

**Debtors' Assertions:**

1. The Debtors assert that there is a basis for the modification of the Mortgagee's Mortgage and Loan and that the loan should be bifurcated into a secured claim and an unsecured claim.

2. The Debtors assert that there are no factual issues.

**Mortgagee's Assertions:**

1. There does exist an issue of fact.

2. Even though the real estate is a two-family house, that, in of itself, does not warrant the modification of the loan and the bifurcation of it into two (2) claims.

### EXHIBITS

1. Note, Interest Only Fixed Rate Note in the principle amount of $272,000.00 given by Juan Martinez to IndyMac Bank, F.S.B. dated May 3, 2007.

2. Mortgage on 162 Woodbine Street, Pawtucket, RI 02860 in the principal amount of $272,000.00 given by Juan R. Martinez and Maria Martinez to IndyMac Bank, F.S.B. dated May 3, 2007.

3. Appraisal conducted by Stephan Bourque, AppraisalOne dated July 2, 2008.

4. Broker Price Opinion conducted by Ronald Levasseur, CRA dated October 3, 2008.

### WITNESSES

For the Debtors:


For the Mortgagee:        None.

## ISSUES PRESENTED

Should the Motion to Modify the Mortgagee's Motion whereby the loan is bifurcated into two claims – secured and unsecured – be granted?

## ARGUMENTS

A.   Debtors' Position:


B.   Mortgagee's Position:

   The Debtors' Motion to Modify the Mortgagee's secured claim should not be allowed.  The real estate in question, the encumbered property is 162 Woodbine Street, Pawtucket, RI 02860.  It is the principal residence of the Debtors.  As the property is the principal residence of the Debtors, a modification of the loan should not be allowed.  The provisions of 11 U.S.C., § 1322(b) (2) prohibits such a modification.

   Due to the declining real estate market, the real estate values in Rhode Island have decreased.  It is apparent that the fair market value of the Debtors' property has decreased.  The Debtors have provided an appraisal which states that the fair market value of the property is $213,000.00.  Another appraisal done by the Mortgagee indicates a lesser amount for the fair market value.  However, the decrease in the fair market value does not justify the modification sought by the Debtors.

   In their Chapter 13 Plan, the Debtors proposed to bifurcate the claim on the Debtors' principal residence into a secured and unsecured claim and reduce the fair market value of the residence.  The Debtors have relied on  11 U.S.C. § 506 (a) which provides that an allowed claim secured by a lien on the Debtors' property is a secured claim to the extent of the value of the real property and as an unsecured claim to the extent it exceeds the value.  However, this case is decided on the provisions of U.S.C. § 1322(b) (2).  That statute, 11 U.S.C. § 1322 (b)(2) allows modification of the rights of both secured and unsecured creditors, subject to special protection for creditors whose claims are secured only by a lien on the Debtor(s) home.  It provides that the Plan may:

> "modify the rights of holders of secured claims, other than a claim secured only by the security interest in real property that is the debtor(s) principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.  11 U.S.C. § 1322 (b) (2).

See, Nobelman v. American Savings Bank, 508 U.S. 234, 113 S. Ct. 2106, 124 L.Ed. 2d 228 (1993).  As indicated the "other than" exception in § 1322 (b) (2) proscribes the modification of the rights of a homestead mortgagee.  Nobelman, 113 S. Ct. 2106.  In that case the United States Supreme Court held that the Bankruptcy Code Section prohibits Chapter 13 Plans from modifying "rights" of holders of claims secured only by the debtors' principal residence from bifurcating the secured homestead mortgagee's claims into a secured claim and an unsecured claim and reducing the mortgage to the fair market value of the mortgage residence.

The Court took account of the focus on "rights" set forth in § 1322 (b) (2).  It stated:

> "That provision does not state that a plan may modify claims or that the plan may not modify a claim secured only by a home mortgage.  It focuses on the modification of the "rights of holders" of such claims.  By virtue of its mortgage contract with the petitioners (the Debtors) the bank is indisputably the holder of a claim secured by a lien on the petitioner's home".

508 U.S., at 328.

The Court went on to state that the petitioner's were correct in looking to § 506 (a) for a judicial valuation of the collateral to determine the status of the bank's secured claim.  It was permissible for the petitioner's to seek evaluation in proposing their Chapter 13 Plan.  However, that value has to be determined in conjunction with any hearing on a Plan affecting the creditor's interest.  Regardless of the valuation set forth by the Debtors, the bank is still the holder of a secured claim because the Debtors' home retains $213,000.00 as value for the collateral.  See, U.S. 508 U.S. 329.  However, that determination does not necessarily mean that the "rights" the bank enjoys as a mortgagee, which are protected by § 1322 (b) (2), are limited by the valuation of its secured claim.  Id.

Any valuation does not necessarily limit the lender's rights as a claim holder.  These are the focus of § 1322 (b) (2)'s protection.  As the Supreme Court in Nobleman indicated, the rights of the lender's include, among others, the right to repayment of the principal and monthly installments over a fixed term at a specified interest rate; they are protected from modification by that section.  Therefore, the Court concluded that § 1322 (b) (2) prohibits such a modification where, as here, the lender's claim is secured only by a lien on the debtors' principal residence.  508 U.S., at 332.

In the present case, there is no dispute that the encumbered property is the principal residence of the Debtors. The Debtors assert that it is a two-family house. However, the nature of the building, in and of itself, does not justify a modification of the loan. See, LA Credit Corporation v. Davis, 989 F.2d 208 (6th Cir. 1993); compare Lomas Mortgage, Inc. v. Louis, 92 F.3d 1 (1st Cir. 1996).

Therefore, the Debtors' Motion to Modify the secured claim of IndyMac Federal Bank, F.S.B. should be denied and further the Chapter 13 Plan proposed by the Debtors should not be confirmed.

| | |
|---|---|
| IndyMac Bank, F.S.B. | Juan R. Martinez and Maria Martinez |
| By Its Attorney, | By and Through Their Attorney, |
| /s/ William M. Walsh | /s/John B. Ennis |
| William M. Walsh | John B. Ennis |
| Law Offices of James J. Caruolo | 1200 Reservoir Avenue |
| 33 College Hill Road, Suite 15C | Cranston, RI 02920 |
| Warwick, RI 02886 | (401) 943-9230 - Phone |
| (401) 828-7100 - Phone | |

Dated: December 1, 2008